Erin E. Hanson, Esq., SBN 272813
EHanson@ClarkHill.com
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, California 92101
Telephone:  (619) 557-0404
Facsimile:   (619) 557-0460
Clarkhill.fca@clarkhill.com (E-Service)

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN FAIEZ KATTOULA, an individual, and KBROS, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 25CV0765-W-BLM<br><br>**DEFENDANT FCA US LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND**<br><br>Complaint Filed:   March 31, 2025 |

Defendant FCA US LLC, a Delaware Limited Liability Company (hereinafter, "Defendant" or "FCA US") hereby files the following answer and Affirmative Defenses to the Complaint of SHAWN FAIEZ KATTOULA and KBROS, LLC (hereinafter, "Plaintiffs") for Damages filed in the above-entitled matter. Defendant denies each and every allegation in the Complaint except those specifically admitted in this Answer. Defendant responds to the Plaintiffs' Complaint as follows:

1.   Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.   Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 2 of the Complaint.

3.   Defendant lacks sufficient information to admit or deny the allegations set forth

in Paragraph 3 of the Complaint.

4. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits it is a Delaware corporation incorporated in and existing under the laws of the state of Delaware and having its principal place of business in Michigan.

6. Defendant admits that a booklet containing written limited warranties accompanied the Vehicle when it was distributed. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6, and therefore, denies the allegations.

7. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore, denies the allegations.

8. Defendant admits that a booklet containing written limited warranties accompanied the Vehicle when it was distributed. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8, and therefore, denies the allegations.

9. Defendant admits that a booklet containing written limited warranties accompanied the Vehicle when it was distributed. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and therefore, denies the allegations.

10. Defendant admits that a booklet containing written limited warranties accompanied the Vehicle when it was distributed. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10, and therefore, denies the allegations.

11. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and therefore, denies the allegations.

12. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and therefore, denies the allegations.

13. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore, denies the allegations.

14. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits it manufactures Ram vehicles. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 15 of the Complaint.

## FIRST CAUSE OF ACTION

### Violation of Song-Beverly Act – Breach of Express Warranty

16. With respect to Paragraph 16, FCA US asserts it violates Federal Rules of Civil Procedure, Rule 8 because it incorporates 15 paragraphs. Therefore, this paragraph does not provide a "short and plain statement of the claim." To the extent a response is required, FCA US reasserts its answers to Paragraphs 1 through 15 as if fully set forth herein.

17. FCA US admits that the sale of the subject vehicle was accompanied by an implied warranty that the vehicle was both merchantable and fit for regular intended use. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17, and therefore, denies the allegations.

18. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore, denies the allegations.

19. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits it manufactures Ram vehicles. Defendant lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore, denies the allegations.

23. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and therefore, denies the allegations.

24. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore, denies the allegations.

25. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and therefore, denies the allegations.

26. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore, denies the allegations.

27. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore, denies the allegations.

28. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and therefore, denies the allegations.

29. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, and therefore, denies the allegations.

30. FCA US denies that it willfully violated the Song-Beverly Act. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30, and therefore, denies the allegations.

## SECOND CAUSE OF ACTION

**Violation of Song-Beverly Act – Breach of Implied Warranty**

31. With respect to Paragraph 31, FCA US asserts it violates Federal Rules of Civil Procedure, Rule 8 because it incorporates 30 paragraphs. Therefore, this paragraph does not provide a "short and plain statement of the claim." To the extent a response is required, FCA US reasserts its answers to Paragraphs 1 through 30 as if fully set forth herein.

32. FCA US admits that the sale of the subject vehicle was accompanied by an implied warranty that the vehicle was both merchantable and fit for regular intended use. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32, and therefore, denies the allegations.

33. FCA US admits that the sale of the subject vehicle was accompanied by an implied warranty that the vehicle was both merchantable and fit for regular intended use.

34. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 34 of the Complaint.

35. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore, denies the allegations.

36. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore, denies the allegations.

37. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore, denies the allegations.

38. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore, denies the allegations.

39. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and therefore, denies the allegations.

40. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and therefore, denies the allegations.

41. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and therefore, denies the allegations.

42. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and therefore, denies the allegations.

43. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and therefore, denies the allegations.

### THIRD CAUSE OF ACTION

**Violation of Song-Beverly Act Section 1793.2(b)**

44. With respect to Paragraph 44, FCA US asserts it violates Federal Rules of Civil Procedure, Rule 8 because it incorporates 43 paragraphs. Therefore, this paragraph does not provide a "short and plain statement of the claim." To the extent a response is required, FCA US reasserts its answers to Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 47 of the Complaint.

48. FCA US admits that the sale of the subject vehicle was accompanied by an implied warranty that the vehicle was both merchantable and fit for regular intended use. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48, and therefore, denies the allegations.

49. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49, and therefore, denies the allegations.

50. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50, and therefore, denies the allegations.

51. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51, and therefore, denies the allegations.

52. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52, and therefore, denies the allegations.

53. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53, and therefore, denies the allegations.

54. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54, and therefore, denies the allegations.

55. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55, and therefore, denies the allegations.

56. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56, and therefore, denies the allegations.

57. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, and therefore, denies the allegations.

Defendant denies that Plaintiffs are entitled to any of the damages set forth in Paragraphs 1-7 in Plaintiffs' Prayer for Relief in the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

WHEREFORE, having answered the Plaintiffs' Complaint, Defendant raises the following affirmative defenses.

## AFFIRMATIVE DEFENSES

FCA US asserts and alleges the following separate and distinct affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

FCA US is informed and believes, and on that basis alleges, that Plaintiffs' claims against FCA are barred by the doctrine of unclean hands

### THIRD AFFIRMATIVE DEFENSE
(Laches)

FCA US is informed and believes, and on that basis alleges, that Plaintiffs' claims are, in whole or in part, barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Good Faith Belief)

FCA US is informed and believes, and on that basis alleges, that Plaintiffs' claims as related to allegations of statements published by FCA US are barred, in whole or in part, because the statements were true or FCA US had a good faith belief that the statement was true.

### FIFTH AFFIRMATIVE DEFENSE
(Complete Performance)

FCA US is informed and believes, and on that basis alleges, it has appropriately,

completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Preemption)

Plaintiffs' Complaint, and each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

FCA US is informed and believes and on such information and belief alleges that this dispute is subject to an arbitration agreement with Plaintiffs such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

## EIGHTH AFFIRMATIVE DEFENSE

(Recoupment or Set-Off)

In the event Plaintiffs are entitled to any relief, FCA US is entitled to a recoupment right or set-off for the value of Plaintiffs' use of the product, sale of the product or other permissible reductions or offsets and other or further relief to prevent any unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

FCA US is informed and believes and thereon alleges that Plaintiffs' causes of action as alleged in his Complaint are barred by the applicable statutes of limitations, including but not limited to: Civil Code sections 335.1, 337, 338, 338.1, and 340 et. seq.; Civil Code sections 1783 and 1791.1; CA C.C.P. 871.21 et.seq. and/or Commercial Code section 2725.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

FCA US is informed and believes and thereon alleges that Plaintiffs are barred from recovery because Plaintiffs could have mitigated the amount of his damages by the exercise of reasonable effort but failed to do so.

## ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel/Waiver)

FCA US is informed and believes and thereon alleges that Plaintiffs' claims for relief and damages against this Defendant are barred by the doctrines of estoppel and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

(Set Off)

FCA US is informed and believes, and on that basis alleges, that if it is established that FCA US is in any manner legally responsible for any of the damages claimed by Plaintiffs, which is denied, FCA US is entitled to a set off these damages, if any, that resulted from the wrongful acts of Plaintiffs and/or others.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Compliance with Industry Standards)

At all relevant times, this answering Defendant was informed and believes and thereon alleges that it acted in conformity with industry standards based upon the state of knowledge existing at the various time periods alleged in the Complaint, and therefore Plaintiffs are barred from any recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Perform Conditions Precedent)

Plaintiffs failed to perform contractual conditions precedent to Defendant's performance. This failure excuses any alleged nonperformance by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Notice)

FCA US is informed and believes and thereon alleges claims by Plaintiffs for breach of warranty are barred because of Plaintiffs' failure to give timely and appropriate notice of any claim of breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

If Plaintiffs sustained any damages as alleged in the Complaint, that damage was

proximately caused and contributed to by Plaintiffs in failing to conduct himself in a manner ordinarily expected of a reasonably prudent person in the conduct of his affairs and business. The contributory negligence and fault of Plaintiffs diminishes any recovery herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Vehicle Fit for Intended Purpose)

FCA US is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability. *American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Duration of Implied Warranty)

FCA US is informed and believes, and on that basis alleges, that some of the alleged defects did not arise until more than one year had elapsed since the subject vehicle was sold to Plaintiffs. Accordingly, Plaintiffs are not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code § 1791.1(c).

### NINETEENTH AFFIRMATIVE DEFENSE
(Civ Code §§1793.2(b))

FCA US is informed and believes delay, if any, in the service or repair of the subject vehicle was caused by conditions beyond the control of the manufacturer pursuant to Section 1793.2(b).

### TWENTIETH AFFIRMATIVE DEFENSE
(Unconstitutionality of the Song-Beverly Act)

FCA US is informed and believes, and on that basis allege, that the application of the Song-Beverly Act on the facts and theories alleged by Plaintiffs, in whole and in part, on its face and as applied, violates FCA US's rights under the United States Constitution, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments, because, among other things, (1) it violates Due Process to the extent Plaintiffs argue that it authorizes punishment absent a finding of intentional or reckless

wrongdoing; (2) it violates Due Process to the extent Plaintiffs argue that it authorizes punishment based on a mere preponderance of the evidence; (3) the one-way mandatory fee-shifting provision in Section 1794(d) is coercive and creates unfair barriers to litigants exercising their right to defend themselves in court.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

FCA US is informed and believes, and on that basis allege, that an award of punitive or exemplary damages to Plaintiffs would violate FCA US's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (2) the alleged wrongful conduct at issue here is lawful in other jurisdictions; and (3) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages. In addition, an award of punitive or exemplary damages that is out of proportion to the alleged wrongful conduct and purported injury at issue here violates due process.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages Improperly Pled/Not Recoverable)

FCA US is informed and believes, and on that basis allege, that Plaintiffs have not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiffs' Complaint, or are otherwise barred by the provisions of Civil Code sections 3294, 3295, and 3296, or such conduct was adopted, ratified or authorized by FCA US under Civil Code section 3294(b).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Punitive Damages Impermissible for Extra-Territorial Conduct)

Any award of punitive damages based on anything other than FCA US's conduct in

connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect FCA US against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Civil Penalties/Punitive Damages – If Any – Must Be Limited)

FCA US specifically incorporates by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceabilityy of punitive damages awards, as set forth in *State Farm Mutual Automobile Insurance Company v. Campbell* (2003) 123 S.Ct. 1513, and *BMW of North America v. Gore* (1996) 116 S. Ct. 1589.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(State-of-the-Art)

FCA US's acts at the time of design, manufacture, and/or distribution of the subject vehicle were in conformity with the state-of-the-art based upon the mechanical, technical, and scientific knowledge existing at the relevant time, and FCA US complied with all industry and government standards.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Economic Loss Rule)

Plaintiffs' causes of action have not accrued because Plaintiffs cannot establish that they suffered injury directly from the subject vehicle or any of its component parts, and therefore, Plaintiffs' damages are exclusively economic. Plaintiffs' tort-based causes of action are barred by California's economic loss rule.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Vehicle does not Qualify as a New Motor Vehicle

under the Song-Beverly Warranty Act)

FCA is informed and believes, and on that basis alleges, that Plaintiffs are not entitled

12
DEFENDANT FCA US LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
UNVERIFIED COMPLAINT FOR DAMAGES

to relief under the Song-Beverly Warranty Act ("Act") because the Subject Vehicle does not qualify as a "New motor vehicle" under the Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

New information or knowledge may require the assertion of unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

WHEREFORE, FCA US prays as follows:

1. For dismissal of Plaintiffs' Complaint with prejudice;
2. For judgment in favor of FCA US against Plaintiffs;
3. For the costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

FCA US hereby demands a jury trial as provided in Rules 38(a) and 81(c)(3)(B) of the Federal Rules of Civil Procedure.

Dated: April 22, 2025  CLARK HILL LLP

By: */s/ Erin E. Hanson*
Erin Hanson
Defendant FCA US LLC


# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: April 23, 2025        */s/ Erin E. Hanson*
                              Erin E. Hanson

| Quintin G. Shammam<br>**LAW OFFICE OF QUINTIN G. SHAMMAM**<br>2221 Camino Del Rio South, Suite 207<br>San Diego, California 92108<br>T: 619-444-0001<br>F: 619-501-1119 | *Attorneys for Plaintiffs*<br>**SHAWN FAIEZ KATTOULA and KBROS, LLC** |
|---|---|